# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARKEEVEON DAVIS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) )   Civil Action No. 5:25-cv-1034-CLS |
| **BURGER KING COMPANY LLC, ZACHARY DAVENPORT, and CHRISTOPHER RODGERS,** | ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This action is before the court on the application of plaintiff, Markeeveon Davis, to proceed *in forma pauperis*. Doc. no. 2.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1). That provision permits the court to authorize the commencement of a suit without prepayment of fees upon the party's submission of an affidavit, including a statement of all assets, in support of the party's inability to pay the required fee. Plaintiff has submitted such an affidavit, substantiating his inability to pay. Accordingly, the court finds that the motion is due to be granted.

Even so, a case in which the court permits a plaintiff to proceed without prepayment of fees still must be dismissed if the court determines that the action is

"frivolous or malicious," or that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Therefore, the court is obligated to review the present complaint with those standards in mind.

Plaintiff's complaint consists of two parts. The first part was handwritten on a form provided by the Clerk to assist *pro se* plaintiffs when commencing a civil action.[1] That form requires a plaintiff to provide a short and plain statement of each claim, briefly stating the facts and how each defendant was involved. Plaintiff completed that section of the form by stating that:

> I was terminated for defending myself. Another manager started using discriminatory slurs toward me, and my orientation. The Company wrote me up and terminated me, also putting me on trespass. The other manager was still allowed to work, while I was terminated.

Doc. no. 1 (Complaint for a Civil Case), at 4. Plaintiff stated that the basis of the court's jurisdiction is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Plaintiff also attached a separate, typewritten complaint in which he stated that "[t]his Court has subject matter jurisdiction over this matter pursuant to the laws of the State of Alabama."[2] Plaintiff alleges the following facts:

---

[1] Doc. no. 1 (Complaint for a Civil Case).

[2] *Id.* at ECF 6. "ECF" is an acronym formed from the initial letters of the name of a case filing system that allows parties to file and serve documents electronically (*i.e.*, "Electronic Case Filing"). *See The Bluebook, A Uniform System of Citation,*, Rule 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* eds., 19th ed. 2010). When this court cites to pagination generated by the ECF

5. Plaintiff was employed by Defendant [Burger King] from July 30, 2025 [*sic*] until Plaintiff's termination on or about April 24, 2025.

6. Throughout Plaintiff's employment, Plaintiff consistently fulfilled job responsibilities and was never issued formal warnings or disciplinary action for unacceptable behavior or performance.

7. On April 24, 2025, Plaintiff was terminated without prior warning, under a vague and unsupported claim of "unacceptable behavior or performance," which was not based on any documented incidents or violations.

8. At one point, management — specifically Zach Davenport and Christopher Rodgers — knowingly hired an individual with a violent background. During his interview process, this individual openly boasted about "busting up young dudes" and even showed video evidence of himself engaged in physical altercations. Despite this alarming behavior, both Zach Davenport and Christopher Rodgers were aware of the incident and proceeded with the hiring.

9. This hiring decision created fear and discomfort among staff, including Plaintiff, and contributed to a broader culture of intimidation and aggression within the store.

10. During the termination, managers Zach Davenport and Christopher Rodgers unnecessarily escalated the situation by contacting the police. Plaintiff was calm, nonviolent, and posed no threat to staff or operations.

11. Upon arrival, law enforcement advised plaintiff that they were being placed on trespass notice, as directly communicated by Zach Davenport.

12. The decision to involve law enforcement was intended to publicly humiliate and intimidate Plaintiff. It caused severe emotional

---

header, it will, as here, precede the page number(s) with the letters ECF.

>   distress and reputational harm.
>
> 13. Prior to termination, Plaintiff was subjected to a hostile work environment involving repeated bias, mistreatment, and intimidation by supervisors and coworkers. Plaintiff's complaints regarding this conduct were ignored or dismissed.
>
> 14. Plaintiff believes that the termination was pretextual and that Defendant acted in retaliation for Plaintiff raising concerns about the hostile environment.
>
> 15. As a direct result of Defendant's conduct, Plaintiff has suffered lost income, emotional distress, reputational harm, and other damages.

Doc. no. 1 (Complaint for a Civil Case), at ECF 7 (alterations supplied). Based upon those factual allegations, plaintiff asserts claims of "wrongful termination" and "hostile work environment."[3]

The court liberally construes *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The court may not, however, "serve as *de facto* counsel for a party, or [ ] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (alteration supplied) (internal citations omitted).

Taking plaintiff's factual allegations as a whole, it appears that he is attempting to assert a claim of discrimination in employment based upon his "orientation" — presumably his "sexual orientation" — which *may* be a valid claim under Title VII

---

[3] *Id.* at ECF 7-8.

against defendant Burger King. *See Bostock v. Clayton County, Georgia*, 590 U.S. 644 (2020). Even so, plaintiff has not shown that he exhausted his administrative remedies prior to filing suit. That is, he did not allege that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission and received a "notice of right to sue" from that agency as required by 42 U.S.C. § 2000e-5. *See E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). Accordingly, plaintiff's claims under Title VII against Burger King must be dismissed without prejudice.

Plaintiff's Title VII claims against Zachary Davenport and Christopher Rodgers are not viable, because there is no individual liability under Title VII. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company.") (alteration supplied). Accordingly, plaintiff's claims against those defendants will be dismissed for failure to state a claim upon which relief may be granted.

Additionally, to the extent that plaintiff asserts a claim of wrongful termination under Alabama state law, that claim also must be dismissed for failure to state a claim upon which relief may be granted. There is no cause of action under Alabama law

5

for wrongful termination of an at-will employee. *See, e.g., Wright v. Dothan Chrysler Plymouth Dodge, Inc.,* 658 So. 2d 428, 431 (Ala. 1995).

A separate judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 9th day of July, 2025.

_____
Senior United States District Judge